1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CODIE WILLIAMS,

11              Plaintiff,                        No. CIV S-11-1538 EFB P
          vs.

12
     CITY OF SACRAMENTO POLICE
13   DEPARTMENT, et al.,

14              Defendants.                       ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local

20   Rules, Appx. A, at (k)(4).

21   **I.      Request to Proceed In Forma Pauperis**

22          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

23   Dckt. Nos. 2, 8, 10.  Plaintiff's application makes the showing required by 28 U.S.C.

24   § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having

25   custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as

26   set forth in 28 U.S.C. § 1915(b)(1) and (2).

                                                     1

**II.     Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant for the following reasons.

2

Plaintiff names as defendants the City of Sacramento Police Department, and Wilhite, Faria, and Ellis, who are alleged to be police officers.  He alleges defendants Wilhite, Faria, and Ellis arrived at a residence on January 19, 2010 with a warrant for his arrest.  He claims Faria pulled out his gun and told the woman who had opened the front door to get out of the residence. Plaintiff claims he was standing eight feet away from Faria with his hands up, and Faria ordered plaintiff to get on the ground.  Faria purportedly got on top of plaintiff and put him in a wrist lock "in an aggressive manner exerting excessive force causing excruciating pain and tearing tendon from bone," which resulted in plaintiff's need for corrective surgery.  Dckt. No. 1 at 3. Plaintiff claims he complied with all of Faria's orders and "did nothing wrong." *Id.*  Faria then allegedly placed plaintiff in handcuffs, which were too tight.  Faria then allegedly searched plaintiff and found two ecstacy pills.

Next, plaintiff claims defendants Wilhite and Ellis entered the residence and "began an unwarranted and unconsentual illegal search of the home." *Id.* at 4.  The officers allegedly detected the smell of marijuana and searched the contents of plaintiff's cell phone.  Without reading plaintiff his Miranda rights, defendant Ellis allegedly questioned plaintiff about the phone's content and asked, "where's the cocaine?" *Id.* at 5.  Plaintiff alleges Ellis later "twisted" plaintiff's "non-Mirandized" responses to incriminate plaintiff.  He also alleges Ellis informed the woman at the residence of plaintiff's alleged infidelity based on what he had seen on plaintiff's cell phone.

He claims defendants found $2550 in cash at the home, and that Ellis wrote a false report claiming plaintiff requested that Ellis "retrieve" the money. *Id.* at 6.

Plaintiff claims he was placed in the defendants' vehicle and denied medical attention, and that Ellis made comments about plaintiff being in a relationship with a white woman.  He alleges that he was abused "as part of a policy and practice of wantonly inflicting physical pain upon arrestees who are persons of color." *Id.* at 7.

////

He claims defendants violated his Fourth Amendment rights to be free from unreasonable searches and excessive force, and his Fourteenth Amendment right to equal protection. He also alleges he was denied constitutionally adequate medical care and that his bail was excessively set at $1.2 million for a "minor felony conviction, to ensure the unnecessary infliction of cruel and unusual punishment against a person of color." *Id.* at 11. He also alleges violations of California's Bane Act, assault and battery, and intentional and negligent infliction of emotional distress.

A.    *Heck* **& Claims of Unlawful Search, Seizure, and Interrogation**

Plaintiff claims that defendants violated his constitutional rights by conducting an unlawful search and seizure, and obtaining incriminating statements from him without reading him his Miranda rights. The viability of plaintiff's claims is complicated by the issue of whether they implicitly call into question the validity of his conviction or sentence. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). It appears from plaintiff's allegations that he is currently serving a state prison sentence based upon a criminal conviction following his January 19, 2010 arrest. If so, then his allegations implicate the validity of his current confinement, and his claims are barred until plaintiff invalidates the results of those proceedings. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (citing *Heck*, 512 U.S. 477). However, if plaintiff is not currently confined as a result of the January 19, 2010 events, or, if the resulting conviction has been either reversed or declared invalid, than plaintiff may amend his complaint with respect to these claims.

////

1    Otherwise, plaintiff's claims of an unlawful search, seizure, and interrogation, are barred by

2    *Heck*.

3    **B.      Excessive Force**

4              Plaintiff fails to state facts establishing that defendant Faria's actions in handcuffing

5    plaintiff were objectively unreasonable.  The Fourth Amendment does not prohibit the use of

6    reasonable force.  *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir.

7    2006).  Whether the force was excessive depends on "whether the officers' actions [were]

8    'objectively reasonable' in light of the facts and circumstances confronting them, without regard

9    to their underlying intent or motivation."  *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*,

10   441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  The court must

11   balance the nature and quality of the intrusion against the countervailing governmental interests

12   at stake.  *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415.  Moreover, the reasonableness of a

13   particular use of force is "judged from the perspective of a reasonable officer on the scene."

14   *Graham*, 490 U.S. at 396 (citations omitted).  "Whether a particular use of force was 'objectively

15   reasonable' depends on several factors, including the severity of the crime that prompted the use

16   of force, the threat posed by a suspect to the police or to others, and whether the suspect was

17   resisting arrest."  *Tatum*, 441 F.3d at 1095.  To state an excessive force claim, plaintiff must

18   provide additional details about the nature and circumstances of his arrest and Faria's alleged use

19   of force in effecting that arrest.  *See Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010)

20   (emphasizing that the "core judicial inquiry" is "not whether a certain quantum of injury was

21   sustained, but rather whether force was applied in a good-faith effort to maintain or restore

22   discipline, or maliciously and sadistically to cause harm.").

23   **C.      Equal Protection**

24             Plaintiff also fails to allege sufficient facts to state a claim for violation of the Equal

25   Protection Clause of the Fourteenth Amendment.  "To state a § 1983 claim for violation of the

26   Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with

others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).  Here, plaintiff alleges he is a "a person of color," but alleges no facts demonstrating he was treated in a manner inconsistent with others similarly situated.  He claims that Ellis made a comment about plaintiff's relationship with "a white woman," and alleges in conclusory terms that the Sacramento City Police Department has a policy of abusing arrestees who are persons of color, but it does not follow from these bare allegations that any defendant purposely discriminated against plaintiff because of his race.

**D.    Medical Care**

Plaintiff alleges in conclusory terms that he was denied medical care, but it is not clear against whom such a claim is alleged, or for what exactly condition or injuries plaintiff required medical care.  To state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See, e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir.

1  1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997)

2  (*en banc*).

3        Deliberate indifference may be shown by the denial, delay or intentional interference

4  with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United*

5  *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

6  must both be aware of facts from which the inference could be drawn that a substantial risk of

7  serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837

8  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

9  harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.  "[I]t

10  is enough that the official acted or failed to act despite his knowledge of a substantial risk of

11  serious harm."  *Id.* at 842.  A physician need not fail to treat an inmate altogether in order to

12  violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314

13  (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some

14  treatment is prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However,

15  it is important to differentiate common law negligence claims of malpractice from claims

16  predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

17  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

18  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

19  1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

20  Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate

21  treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d

22  330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

23  **E.    Excessive Bail**

24        In order to prevail on a § 1983 claim that his bail violated the Excessive Bail Clause of

25  the Eight Amendment, plaintiff must demonstrate that his bail was enhanced for purposes

26  unauthorized by California law or that the amount of bail was excessive in light of the valid

purposes for which it was set.  *Galen v. County of Los Angeles*, 477 F.3d 652, 661 (9th Cir.

2007).  California Penal Code section 1269b(c) provides that "[i]t is the duty of the superior

court judges in each county to prepare, adopt, and annually revise a uniform countywide

schedule of bail for all bailable felony offenses . . . ."  Cal. Pen. Code § 1269b(c).  Certain jail

custodians are authorized to immediately release those who are arrested and booked, prior to an

initial court appearance, upon the posting of bail in the amount specified in the countywide

schedule of bail.  *Id.* § 1269b(b).

To the extent plaintiff seeks to hold the superior court liable for an allegedly excessive

bail schedule, the claim is barred by the Eleventh Amendment and it must be dismissed without

leave to amend.  *See Simmons v. Sacramento County Super. Ct.,* 318 F.3d 1156, 1161 (9th Cir.

2003) (plaintiff cannot state a claim against Sacramento County Superior Court because it is an

arm of the state and thus barred by the Eleventh Amendment); *Franceschi v. Schwartz,* 57 F.3d

828, 831 (9th Cir. 1995) (claim against South Orange County Municipal Court barred by

Eleventh Amendment because it is "arm of the state").

To the extent that plaintiff is suggesting that his bail amount was improperly enhanced by

defendants or jail employees, it is not articulated as such.  *See Galen*, 477 F.3d at 663 (9th Cir.

2007) (law enforcement officers can only be held liable for excessive bail "only if they

prevented the [judicial officer] from exercising his independent judgment.).  Plaintiff has not

alleged any facts indicating that any defendant prevented a judicial officer from exercising his or

her independent judgment.

**F.     Seized Cash**

To the extent plaintiff intends to state a claim based upon the cash that was allegedly

retrieved from the residence, plaintiff fails to state a claim.  An unauthorized taking of property

does not violate the due process clause of the Fourteenth Amendment when, as here, state law

provides an adequate post deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984);

*Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

**G.     State Law Claims**

The California Torts Claims Act ("GCA")[1] requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added); *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("*Before* suing a public entity, the plaintiff must present a timely written claim. . .") (emphasis added).  "The legislature's intent to require the presentation of claims *before* suit is filed could not be clearer."  *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007).  Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action.  *Shirk*, 42 Cal. 4th at 209.  Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff's state law claims must be dismissed with leave to amend for failure to allege compliance with the GCA.

**III.     Leave to Amend**

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

---

[1] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

1    Plaintiff is hereby informed that an individual defendant is not liable on a civil rights

2    claim unless the facts establish the defendant's personal involvement in the constitutional

3    deprivation or a causal connection between the defendant's wrongful conduct and the alleged

4    constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

5    *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

6    theory that the official is liable for the unconstitutional conduct of his or her subordinates.

7    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is

8    inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant,

9    through the official's own individual actions, has violated the Constitution."  *Id.*  It is plaintiff's

10   responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss*

11   *v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

12       Any amended complaint must cure the deficiencies identified above and also be complete

13   in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*,

14   375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading

15   is superseded.  Plaintiff  may not change the nature of this suit by alleging new, unrelated claims

16   in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

17   complaints).

18       Accordingly, the court hereby orders that:

19       1.  Plaintiff's request to proceed in forma pauperis is granted.

20       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

21   accordance with the notice to the Director of the California Department of Corrections and

22   Rehabilitation filed concurrently herewith.

23       3.  The complaint is dismissed with leave to amend within 30 days.  The amended

24   complaint must bear the docket number assigned to this case and be titled "First Amended

25   Complaint."  Failure to comply with this order will result in this action being dismissed for

26   ////

10

1   failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the

2   court will proceed with service of process by the United States Marshal.

3   Dated:  March 5, 2012.

4

5                                    EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26